# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | |
|---|---|
| CURTIS R. ANDERSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action Number: |
| ) | 5:12-cv-0648-SLB-JEO |
| WARDEN BILLY MITCHEM and the ) | |
| ATTORNEY GENERAL OF ) | |
| THE STATE OF ALABAMA, ) | |
| ) | |
| Respondents. ) | |

## **MEMORANDUM OPINION**

This is a habeas action filed pursuant to 28 U.S.C. § 2254 by Curtis R. Anderson, an Alabama state prisoner acting *pro se*. The magistrate judge has entered a report that recommends that Anderson's § 2254 petition is due to be denied because it is barred by the applicable one-year statute of limitations, 28 U.S.C. § 2244(d). (Doc. 6). Anderson has now filed an objection to that report and recommendation. (Doc. 7).

In his objection, Anderson asserts that the magistrate judge has miscalculated the limitations period, but he fails to provide any specifics explaining how that is supposedly so. (Doc. 7, ¶ 7). Anderson also argues that he may overcome the limitations period based upon equitable tolling. (Id., ¶ 8). *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). In support, he highlights that he is *pro se,* that he is untrained in the law, and that he has only "very limited access to an in adequate (sic) law library." (Doc. 7, ¶¶ 4, 6). Such are not extraordinary circumstances sufficient to warrant equitable tolling of the limitations period. *See Miller v. Florida*, 307 Fed. Appx. 366, 368 (11th Cir.

Jan. 13, 2009); *Brown v. United States*, 318 Fed. Appx. 749, 750 (11th Cir. Nov. 20, 2008); *Rich v. Department of Corr.*, 317 Fed. Appx. 881, 883 (11th Cir. Sept. 12, 2008); *cf. Johnson v. United States*, 544 U.S. 295, 311 (2005) ("[W]e have never accepted pro se representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness . . . .).

Finally, Anderson claims that he might escape the limitations period based upon a showing of actual innocence. *See Schlup v. Delo*, 513 U.S. 298 (1995). However, while Anderson "vehemently denies [ ] that he intentionally murdered the victim as charged in the indictment," he does not deny "being responsible for the death of the victim." (Doc. 7, ¶ 7). Anderson's mere denial that he "intentionally" killed the victim is insufficient to show that he is actually innocent of the murder charge to which he pled guilty. Moreover, the actual innocence gateway to review of otherwise time-barred claims is not open to petitioners "who did the killing and whose claim of actual innocence is premised on being guilty of only a lesser degree of homicide." *Rozzelle v. Secretary, Fla. Dep't of Corrections*, 672 F.3d 1000, 1015 (11th Cir. 2012) (per curiam). Anderson's claim of actual innocence fails, and his attempts to evade the statute of limitations are unavailing.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the findings and recommendation and the objections filed by the petitioner, the court is of the opinion that the magistrate judge's findings are due to be and are hereby **ADOPTED** and his recommendation is **ACCEPTED**. Anderson's objection is hereby are **OVERRULED**. As a result, Anderson's § 2254 petition for federal habeas relief is due to be DISMISSED WITH PREJUDICE as untimely under § 2244(d)(1). A separate final judgment will be entered.

**DONE**, this 11th day of December 2012.

_Sharon Lovelace Blackburn_
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE